```
                UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF COLUMBIA

LINDA A. OLIVO,                  )
                                 )
           Plaintiff,            )
                                 )
     v.                          )  Civil Action No. 07-01725 ESH
                                 )
MARY E. PETERS,                  )
Secretary Of The Department      )
Transportation,                  )
                                 )
           Defendant.            )
                                 )
_____)
```

ANSWER

Defendant, Mary E. Peters, Secretary of the Department of Transportation, by her undersigned attorneys, hereby answers the complaint:

First Defense

Plaintiff's claims are barred because she did not timely exhaust her administrative remedies by contacting an equal employment opportunity counselor within forty-five days of the happening of the events that plaintiff alleges in this case constituted discrimination and retaliation.

Second Defense

The complaint fails to state a claim as to which relief can be granted because, inter alia, the allegations made in the complaint do not involve adverse employment actions and are not actionable under the Rehabilitation Act as discriminatory acts based on plaintiff's alleged disability. The alleged actions also do not constitute acts that qualify as retaliatory actions

based on plaintiff's exercise of her rights under the Rehabilitation Act.

### Third Defense

Defendant hereby answers the numbered paragraphs of the complaint as follows:

Paragraph (¶)1.  The first sentence of this paragraph is plaintiff's characterization of the case, as to which no answer is required.  As to the second sentence, it is denied that plaintiff is a qualified disabled person under the Rehabilitation Act, but it is admitted that plaintiff is a participant in the Federal Aviation Administration's voluntary leave transfer program ("VLTP") and that she is employed by the Federal Aviation Administration ("FAA").

¶ 2.  This paragraph contains conclusions of law as to which no answer is required.

¶ 3.  Denied, except that it is admitted that plaintiff filed this action within ninety days of her receipt of the agency's dismissal of her claim.

¶ 4.  It is admitted that venue in this Court is proper.

¶ 5.  Admitted.

¶ 6.  Defendant is without knowledge or information sufficient to form a belief as the truth of the allegations in paragraph 6 with regard to plaintiff's alleged medical condition, and whether the alleged medical condition significantly affects a

major life activity is a legal conclusion as to which no answer is required.  In response to the third sentence in this paragraph, defendant states that the VLTP was designed to help ease the financial burden on an employee who has exhausted available paid leave and has a personal or family medical emergency by allowing other employees to donate annual or sick leave to the participants in the program.

¶ 7.  The first sentence is admitted.  The second sentence is denied.

¶ 8.  As to the first and second sentences of this paragraph, defendant states that under the VLTP employees of FAA are permitted to donate sick or annual leave to fellow employees who have been approved to participate in the VLTP.  Defendant denies, however, that this leave was placed in participant's regular leave accounts.  The third sentence is denied.  The fourth sentence is admitted.  As to the fifth sentence, defendant admits that donated leave is a form of paid leave.  The sixth and final sentence is denied.

¶ 9.  Denied.

¶ 10.  It is admitted that the FAA switched to a new payroll system in 2005 and that the leave categories listed in this paragraph reflect how the FAA divides the leave categories.  Defendant states, however, that these categories reflect the division of leave required under the VLTP both before and after

2005.  Defendant denies that the new payroll system created any change in the policy with regard to donated leave.

¶ 11.  Denied.

¶ 12.  Denied, except that it is admitted that participants in the VLTP are required to use their own accrued sick and annual leave prior to using donated leave.

¶ 13.  Denied.

¶ 14.  As to the first and second sentence, it is denied that the FAA is subject to 5 U.S.C. § 6337.  As to the third sentence, the FAA denies that it acted inconsistently with its Human Resources Operating Instructions.

¶ 15.  Denied; the FAA is not subject to 5 U.S.C. §§ 6333 and 3667.

¶ 16.  Denied.

¶ 17.  Defendant's responses to ¶¶ 1 through 16 are incorporated herein by reference.

¶¶ 18 through 20.  Denied.

The remainder of the complaint is plaintiff's request for relief, and defendant denies that plaintiff is entitled to any relief.

All allegations not expressly admitted or denied are denied.

WHEREFORE, defendant requests this Court to deny the plaintiff all relief requested, dismiss the complaint with prejudice, grant defendant such other relief as the Court deems

4

appropriate, and award defendant the costs of this action.

>Respectfully submitted,
>
>JEFFREY A. TAYLOR, D.C. Bar #498610
>United States Attorney
>
>RUDOLPH CONTRERAS, DC Bar #434122
>Assistant United States Attorney
>          /s/
>FRED E. HAYNES, DC Bar #165654
>Assistant United States Attorney
>555 4th Street, N.W. Room E-4110
>Washington, D.C. 20530
>202.514.7201